IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NEELAM KAINTURA** § | | CIVIL ACTION NO. _____ |
| INDIVIDUALLY AND ON BEHALF OF § | | |
| ALL OTHERS SIMILARLY SITUATED § | | |
| § | | |
| **PLAINTIFFS** § | | |
| § | | **JURY DEMANDED** |
| V. § | | |
| § | | |
| **DASPIT LAW FIRM, PLLC** § | | |
| § | | |
| **DEFENDANT** § | | **COLLECTIVE ACTION** |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NEELAM KAINTURA ("Plaintiff"), individually and on behalf of all others similarly situated, file this lawsuit as a collective action against DASPIT LAW FIRM, PLLC ("Defendant") to recover back pay, unpaid overtime wages, lost wages, liquidated damages, interest, costs, and attorney's fees, and for cause of action would show the following:

### I. NATURE OF CLAIMS

1.  This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") to correct unlawful employment practices, including Defendant's failure to abide by wage and hour laws. This collective action seeks to recover back pay, unpaid overtime wages, lost wages, liquidated damages, and other damages owed by Defendant to its current and former employees.

### II. JURISDICTION AND VENUE

2.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29

U.S.C. § 216(b). The Plaintiff's claims arise under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. (hereafter referred to as the "FLSA"). This case presents a federal question.

3. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendant and the Plaintiffs transacted business within this judicial district and the events or omissions giving rise to this Complaint occurred in this district.

### III. THE PARTIES

4. Plaintiff Neelam Kaintura (hereinafter "Ms. Kaintura") is an individual residing in Harris County, Texas. Ms. Kaintura is a former employee of Defendant and was employed by Defendants within the meaning of the FLSA. Plaintiff brings her federal back pay and overtime claims on her own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

5. Defendant Daspit Law Firm, PLLC (hereinafter "DASPIT") is a domestic for-profit professional limited liability company with its principal place of business in the state of Texas, engaged in commerce and subject to the FLSA. Defendant may be served with process through its registered agent John Arthur Daspit, 952 Echo Lane, Suite 409, Houston, Texas 77024.

### IV. FACTS

6. At all times relevant to this lawsuit, Defendant DASPIT was, and remains, an enterprise engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203 and is subject to the FLSA.

7. Based on information and belief, Defendant DASPIT's annual revenues exceeded $500,000 in each of the last five years.

8. Defendant employed Plaintiff and other similarly situated employees at all

relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

9. In performing their duties for Defendant, Plaintiff and other similarly situated employees were engaged in commerce and Plaintiff and other similarly situated employees were employed in an enterprise engaged in commerce.

10. Plaintiff Ms. Kaintura was originally employed as a Paralegal on or about November 2021 and later promoted to an unlicensed associate attorney position on May 9, 2022. Plaintiff did not have the authority to hire or fire other employees and did not manage the enterprise or manage a customarily recognized department or subdivision of the enterprise. Plaintiff did not direct the work of any other full-time employee. Plaintiff and other similarly situated employees were engaged in nonexempt hourly work and were paid by the hour. Plaintiff and other similarly situated employees, despite being paid on an hourly basis, were misclassified as exempt from the FLSA and wrongfully and intentionally denied overtime.

11. Plaintiff customarily and regularly worked many hours in excess of forty (40) hours per each workweek.

12. Upon information and belief, other similarly situated employees also customarily and regularly worked many hours in excess of forty (40) hours per week and were paid in a fashion similar to Plaintiff.

13. The work performed by Plaintiff and other similarly situated employees was within Defendant's knowledge and control. Defendant set Plaintiff's and similarly situated employees' schedules, assigned work, and supervised their work.

14. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. §211(c); 29 C.F.R. pt. 516.

15. Defendant required Plaintiffs and other similarly situated employees to record

their hours worked using a computerized time keeping system.

16. Defendant failed to keep accurate records.

17. Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff's and other similarly situated employees' rights.

18. As a result of Defendant's willful violations of the FLSA, Plaintiff and other similarly situated employees are entitled to reimbursement of back pay, unpaid overtime, lost wages, an additional equal amount as liquidated damages, and reasonable attorney's fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## V. CAUSES OF ACTION

19. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

20. Defendant violated the FLSA when it failed to pay Plaintiff and other similarly situated employees for all hours worked (to include one-and-one-half times their regular rates for hours worked in excess of forty (40) in a given workweek). 29 U.S.C. §§ 206, 207.

21. The FLSA requires Defendants, as covered employers, to compensate all nonexempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek. 29 U.S.C. §207 (a)(1).

22. Plaintiff and other similarly situated employees are entitled to compensation for all overtime hours worked. In addition, Plaintiff is entitled to all amounts Defendants should have contributed in Social Security and Medicare taxes.

23. Additionally, Plaintiff and those similarly situated are entitled to an amount equal to all their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of

this action provided by the FLSA. 29 U.S.C. § 216(b).

## VI. COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

25. Upon information and belief, many other similarly situated employees employed by Defendant over the last three (3) years have been victimized by Defendant's violations of the FLSA.

26. As set forth above, Plaintiff is aware of other employees who perform similar work for Defendant.

27. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216 (b). The class is properly identified as:

> All employees engaged in nonexempt hourly work who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendant.

28. As a result of Defendant's willful violations of the FLSA, the similarly situated employees are entitled to reimbursement of back pay, unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorney's fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VII. AMOUNT DUE NOT KNOWN

29. The records concerning the number of excess hours worked by each Plaintiff and the compensation they received are in the exclusive possession and control of the Defendant, and Plaintiffs are unable to state at this time the exact amount owning to each of them. Plaintiff proposes to obtain such information by appropriate discovery proceedings to be taken in this

cause, and plaintiff will then seek leave to amend her complaint accordingly.

## VIII.  JURY DEMAND

30. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submit the jury fee.

## IX. PRAYER

31. For the reasons set forth above, Plaintiff and other similarly situated employees respectfully pray that the Defendant be cited to appear and answer herein, and for the following relief:

   a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and direct notice to any and all similarly situated employees;

   b. judgment awarding Plaintiff and similarly situated employees all back pay, unpaid overtime wages, lost wages, Medicare contributions, liquidated damages, attorney's fees and costs under the FLSA;

   c. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,
TB Robinson Law Group, PLLC

_____
Terrence B. Robinson, Attorney in Charge
Fed. Bar No. 14218
Email: TRobinson@TBRobinsonlaw.com
Claudia Casas
Fed. Bar No. 3573914
Email: CCasas@TBRobinsonlaw.com
7500 San Felipe St., Suite 800
Houston, Texas 77063
Phone: (713) 568-1723
Facsimile: (713) 965-4288
**ATTORNEYS FOR PLAINTIFFS**